IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 38342-3-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| JUAN ENCISO PENA, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Juan Enciso Pena appeals his conviction for theft of a motor vehicle, arguing the trial court erroneously admitted bad act evidence in violation of the rules of evidence. We disagree and affirm.

## FACTS

On October 2, 2020, Mr. Pena failed to return a pickup he had test driven from Aveera Auto Sales in Union Gap. The owner of Aveera Auto Sales, Jaskaranpal Khinda, filed a sworn complaint alleging theft of a motor vehicle. Mr. Khinda's complaint described the stolen truck as a white Ford F150. More than 10 days later, law enforcement arrested Mr. Pena in what the officers collectively testified was a white Ford F150. The State charged Mr. Pena with theft of a motor vehicle.

At trial, the jury heard testimony from Mr. Khinda and from the two arresting officers. Although Mr. Khinda's sworn complaint alleged the stolen truck was a white

Ford F150, he contradicted his complaint by testifying the truck was blue. One officer introduced another incongruity by testifying inconsistently as to the date and location of Mr. Pena's arrest. The officer's inconsistency was prompted by the prosecutor's questions. In response to questions on direct examination, the officer agreed that Mr. Pena had been arrested on October 19, 2020, at Highway 98 and Larue Road in Yakima County. The officer later failed to correct the prosecutor when the prosecutor stated the arrest took place on October 13, 2020. However, the officer did affirmatively state the arrest took place on Highway 97. The second officer testified without inconsistency that he arrested Mr. Pena on October 19, 2020, near Highway 97 and Larue Road. Disregarding misstatements by the prosecutor, nothing in the officers' own testimony suggested Mr. Pena had been arrested on two separate occasions.

After the State rested its case, Mr. Pena moved to strike "any and all testimony" concerning his arrest on the grounds it was irrelevant and more prejudicial than probative. Report of Proceedings (RP) (Jul. 20, 2021) at 193-94. In support of his motion, Mr. Pena argued the arresting officers had not sufficiently identified the truck recovered at arrest as the truck allegedly stolen from Aveera Auto Sales. Mr. Pena cited the officers' failure to provide a license plate number or VIN (vehicle identification number) for the recovered truck. Mr. Pena also cited Mr. Khinda's testimony that the stolen truck was blue, rather

than white, as an indication the white truck recovered at arrest was a separate vehicle. In arguing for his motion, Mr. Pena did not reference Mr. Khinda's sworn complaint identifying the stolen vehicle as a white Ford F150. Mr. Pena also did not reference the officers' inconsistent testimony concerning the date and location of the arrest. Instead, Mr. Pena twice stated his understanding that the arrest occurred on October 19.

The State challenged Mr. Pena's motion as untimely and without merit. The trial court ruled the motion was timely, but denied the motion on the merits. Applying a motion-to-dismiss standard of review, the court determined a jury could reasonably conclude the truck recovered at Mr. Pena's arrest was the truck reported stolen.

During Mr. Pena's closing arguments, he revisited the issue of truck identification. He argued no witness had sufficiently linked the truck recovered at his arrest to the truck allegedly stolen.

The jury convicted Mr. Pena of theft of a motor vehicle. He timely appeals his judgment and sentence.

## ANALYSIS

Mr. Pena contends the trial court erred in admitting the arresting officers' testimony because the testimony: (1) was irrelevant under ER 402, (2) amounted to evidence of other crimes, wrongs, or acts under ER 404(b), and (3) was unfairly

3

No. 38342-3-III
*State v. Pena*

prejudicial under ER 403. All three contentions rest on the theory that the arresting

officers testified about multiple arrests, and failed to show that any truck seized at any

arrest was the truck Mr. Pena was charged with stealing. Our review of Mr. Pena's

evidentiary challenges is for abuse of discretion. *State v. DeVincentis*, 150 Wn.2d 11,

17, 74 P.3d 119 (2003).

Mr. Pena's arguments misread the trial record. The transcript indicates that some

of the State's witnesses misstated their testimony, or else affirmed misstatements made by

the prosecutor.  But the transcript does not indicate that the misstatements were submitted

to the jury as truth. No reasonable juror could mistake the State's evidence to suggest that

there were two stolen trucks, both associated with Mr. Pena, and that Mr. Pena was

arrested in one of the two stolen trucks on two separate occasions, less than one week

apart, with one arrest taking place on a nonexistent highway (Highway 98).[1] Instead, the

only fair reading of the evidence is that there was just one truck and one arrest and that

Mr. Pena was involved with each.

---

[1] We take judicial notice of the readily verifiable fact that there is no Highway 98 in Washington. ER 201(b). Highway 97 is a major north-south thoroughfare that runs through eastern Washington, including Yakima County. Most jurors living in Yakima County would be familiar with Highway 97 as well as the fact that there is no such thing as Highway 98.

Mr. Pena's possession of the stolen truck at the time of his arrest was relevant to prove both identity (that he was the person responsible for stealing the truck from Aveera Auto Sales) and intent (that his goal was to deprive Aveera Auto Sales of its interest in the truck).[2] Thus, the evidence of possession at the time of arrest was readily admissible. This case simply does not involve multiple acts warranting exclusion under ER 402, ER 403, or ER 404(b). The trial court did not abuse its discretion in overruling Mr. Pena's evidentiary objections.

The evidence at trial undoubtedly would have been clearer had the State's witnesses not contradicted themselves, and not affirmed the prosecutor's misstatements. Moreover, the State could have bolstered its proof by matching the VIN of the truck stolen from Aveera Auto Sales to the VIN of the vehicle recovered from Mr. Pena. But reliability problems go to weight, not admissibility. *State v. Kinard*, 39 Wn. App. 871, 874, 696 P.2d 603 (1985). Mr. Pena does not claim the evidence was insufficient to justify his conviction. His assignments of error therefore do not warrant relief.

---

[2] The jury instructions required the State to prove three elements: "(1) That on or about October 2, 2020, the defendant wrongfully obtained or exerted unauthorized control over a motor vehicle of another; (2) That the defendant intended to deprive the other person of the motor vehicle; and (3) That this act occurred in the State of Washington." Clerks Papers at 69.

No. 38342-3-III
*State v. Pena*

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in

the Washington Appellate Reports, but it will be filed for public record pursuant to

RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____
Siddoway, C.J.

_____
Lawrence-Berrey, J.

6